IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PASANG LAMA**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:10-CV-0108-L** |
| | § | |
| **TRACY TARANGO**, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Respondents' Motion to Dismiss Application for Naturalization and Brief in Support Thereof, filed March 26, 2010; Plaintiff's Response and Opposition to Defendants' Motion to Dismiss for Lack of Jurisdiction, filed April 15, 2010; and Respondents' Reply Brief in Support of Motion to Dismiss, filed April 29, 2010. After careful consideration of the motion, response, briefs, record and applicable law, the court **grants** Respondents' Motion to Dismiss for Lack of Jurisdiction and is without jurisdiction to rule on Petitioner's Motion to Stay Removal Proceedings.

## I. Factual and Procedural Background

Petitioner Pasang Lama ("Petitioner" or "Lama") has been a permanent resident of the United States since May 1, 2001. He contends that he is eligible for naturalization and asks the court to approve his application, administer the oath to him, and declare him a citizen of the United States. On June 26, 2006, Petitioner filed an application for naturalization under 8 U.S.C. § 1421 with the United States Citizenship and Immigration Services ("USCIS"). On June 26, 2008, Petitioner appeared before USCIS and was examined for citizenship in the United States. During the interview, the USCIS officials determined that Lama made false claims of United States citizenship

on two prior occasions. Lama denied both allegations of false claims. On December 29, 2008, the USCIS denied Petitioner's application for naturalization because he allegedly made false claims of United States citizenship that the USCIS deems as a lack of good moral character.

On January 20, 2009, Lama filed a Request for a Hearing on a Decision in Naturalization Proceedings pursuant to section 336 of the Immigration and Naturalization Act. The USCIS interviewed Lama on May 5, 2009. On September 23, 2009, the Request for Hearing was denied because Lama was unable to produce evidence that would overcome the grounds for denial of the Application of Naturalization. On January 21, 2010, Lama filed this complaint seeking review of his naturalization application. The USCIS issued Lama a Notice to Appear in Immigration Court on January 28, 2010. Respondents now petition the court pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure and 8 U.S.C. § 1429 to dismiss Petitioner's Application for Naturalization for lack of subject matter jurisdiction.

## II.    Legal Standards - Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th

Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

### III. Analysis

Respondents argue that the court lacks subject matter jurisdiction because there is a removal proceeding pending against Petitioner. Resp'ts' Br. at 3. Petitioner contends that the court has jurisdiction, despite the Notice to Appear, because the removal proceedings commenced after the petition for naturalization was filed and the Petitioner filed suit in district court. Pet'r's Br. at 8. In the alternative, Petitioner requests that the court stay the removal proceedings and that the court proceed with its *de novo* review of Petitioner's application for naturalization. *Id.* at 9. Because the court determines that it lacks subject matter jurisdiction, it does not address the Petitioner's request

for a stay of the removal proceedings.

The government argues that 8 U.S.C. § 1429 divests the court of subject matter jurisdiction if a removal proceeding is pending against a plaintiff seeking relief pursuant to 8 U.S.C. § 1421(c). It argues that this court cannot consider a section 1421(c) claim until the removal proceedings have concluded. The government cites *Saba-Bakare v. Chertoff,* 507 F.3d 377, 340 (5th Cir. 2007), cases from district courts within this circuit, and cases from other appellate courts to support its argument.

Petitioner argues that despite the removal order, this court has jurisdiction to hear the case. He also argues that the court has the power to review *de novo* Respondent's denial of his naturalization application. He argues that section 1429 does not preclude judicial review of his application, and he cites several cases that he contends hold that a district court retains jurisdiction while removal proceedings are pending.

Under 8 U.S.C. § 1429, "no application for naturalization shall be considered . . . if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest."[*] Once removal proceedings have begun, consideration of a naturalization application by the district court or by USCIS is precluded. *Saba-Bakare,* 507 F.3d at 340 (holding that while removal proceedings are pending, 8 U.S.C. § 1429 strips the district court and USCIS of jurisdiction under either 8 U.S.C. §1447(b) or 8 U.S.C. § 1421(c) to consider naturalization). Subsequent decisions have also held that dismissal without prejudice for lack of subject matter jurisdiction is required when a plaintiff seeks section 1421(c) review while a removal proceeding against him is pending. *Robertson-Dewar v. Mukasey,* 599 F.Supp. 2d 772, 782 (W.D. Tex. 2009); *Olaoye v. Kehl, et. al.,* No. 3:08-CV-1611-O, 2009 WL 2222880, at *1 (N.D. Tex. July 24, 2009); *Mahdi v. Tarango,* No. 3:08-CV-1047-BF(D),

---

[*]A Notice to Appear issued in deportation proceedings is regarded as a warrant for arrest. 8 C.F.R. § 318.1.

2008 WL 5329619, at *1 (N.D. Tex. Dec. 18, 2008). The cases cited by Petitioner predate *Saba-Bakare* or are from other circuits and are not binding on this court.

Additionally, the court finds unavailing Petitioner's argument concerning the order of filing. Petitioner argues that jurisdiction is proper because he filed this action before the Notice to Appear was served. Like Petitioner's other arguments, the cases cited by Petitioner predate *Saba-Bakare* or are from other circuits and are not binding on this court. Moreover, the "priority provision" of section 1429 makes it clear that removal proceedings have priority over naturalization applications. *Mahdi*, 2008 WL 5329619, at *1; 8 U.S.C. § 1429. Consequently, the court determines that it lacks subject matter jurisdiction to consider Lama's claims.

The court does not have subject matter jurisdiction in this action because the removal proceedings have commenced. Moreover, the court is also without jurisdiction to consider a Stay of the Removal Proceedings. Accordingly, dismissal of this action without prejudice is proper.

## IV. Conclusion

For the reasons stated herein, the court **grants** the Motion to Dismiss for Lack of Jurisdiction and is without jurisdiction to rule on Petitioner's Request to Stay the Removal Proceedings. The court **dismisses** this action **without prejudice** for lack of subject matter jurisdiction.

**It is so ordered** this 22nd day of October, 2010.

*[signature: Sam A. Lindsay]*
Sam A. Lindsay
United States District Judge